UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARSTEINER IMPORTERS
AGENCY, INC.,

      Plaintiff,

v.                                      Case No. 8:08-cv-1156-T-24 TGW

REPUBLIC NATIONAL DISTRIBUTING
COMPANY, LLC,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Temporary Restraining Order. (Doc. No. 4).

**I. Background**

Plaintiff filed suit against Defendant, in which it seeks a declaratory judgment that Defendant breached their beer distribution contract and that Plaintiff's notice of termination of the contract did not violate Florida's Beer Franchise Law. In the contract at issue, Defendant agreed to distribute Plaintiff's beer within certain counties. Defendant further agreed: "To the extent permitted by law, [Defendant] will not sell or deliver Product to any entity in the Area if [Defendant] has reason to believe that such Product is destined for sale or shipment outside the Area." (Doc. No. 1, Ex. A, p. 7).

It appears undisputed by the parties that Defendant has sold beer to Albertson's within the agreed area, and then Albertson's has shipped the beer to its stores throughout Florida, including stores outside of the agreed area. At least as early as February 21, 2008, Defendant

knew that some of the beer it sold to Albertson's was being shipped by Albertson's to its stores outside of the agreed area.

Plaintiff wrote to Defendant informing it that the sales to Albertson's breached their contract. Defendant disputes that the sales violated their contract, and if it did, whether such a limitation on its sales to Albertson's is legal. As a result, Plaintiff informed Defendant on April 3, 2008 that it was terminating their contract, effective June 6, 2008. The effective date was later extended to June 20, 2008.

On June 16, 2008, Plaintiff filed suit against Defendant. In response, Defendant filed the instant motion for a temporary restraining order.

**B.  Motion for a Temporary Restraining Order**

In this motion, Defendant requests that the Court enjoin Plaintiff from terminating the contract at this time. In order to obtain such relief, Defendant must show: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Upon consideration, the Court finds that Defendant has not shown that it is entitled to such relief, and therefore, the motion is denied.

Specifically, Defendant has not shown a substantial likelihood of success on the merits. Defendant has not cited any authority to show that Plaintiff's limiting of Defendant's sales to Albertson's violates Florida's Beer Franchise Law or is in any way illegal. Furthermore, Defendant has not shown that its sales to Albertson's cannot be deemed "intentionally and

willfully sell[ing] the manufacturer's product to a retailer or retailers located outside of a distributor's territory." Fla. Stat. § 563.022(10)(e). Without such a showing, the Court cannot find that Plaintiff violated Florida's Beer Franchise Law's notice requirement contained in 563.022(10)(e), which provides for termination of a distribution contract for good cause after not less than fifteen days' written notice for specific conduct, including willful sales outside of the distributor's territory.

Furthermore, Defendant has not shown that it will be irreparably harmed if the restraining order is not issued. Rather, Defendant has only asserted that if the restraining order is not entered, it "will lose its exclusive distribution rights, the value of which is not susceptible to quantification . . . [and] will interfere with [Defendant's] existing retail customer relationships . . . in contravention to the purpose and operation of the Beer Franchise Law." Such injury can be compensated by monetary damages. In fact, Florida's Beer Franchise Law contemplates compensation to a distributor when a manufacturer terminates an agreement without good cause. Specifically, it provides that the manufacturer must pay the distributor reasonable compensation for the diminished value of the distributor's business that has been negatively affected by the manufacturer. Fla. Stat. § 563.022(17)(a).

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Temporary Restraining Order (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of June, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record