UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARSTEINER IMPORTERS
AGENCY, INC.,

    Plaintiff,

v.                                                       Case No. 8:08-cv-1156-T-24 TGW

REPUBLIC NATIONAL DISTRIBUTING
COMPANY, LLC,

    Defendant.
_____/

**O R D E R**

This cause comes before the Court for consideration of Defendant's Amended Motion for Preliminary Injunction. (Doc. No. 18). This motion was considered by the United States Magistrate Judge, pursuant to a specific order of referral. Magistrate Judge Wilson has filed his report recommending that the motion be denied. (Doc. No. 34). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b). Objections to the Magistrate's Report were filed by both parties. (Doc. No. 36, 39). Upon consideration of the Report, the objections thereto, and upon this Court's independent examination of the file, it is determined that the Report is adopted, except as set forth below.

Plaintiff filed suit against Defendant, in which it seeks a declaratory judgment that Defendant breached their beer distribution contract and that Plaintiff's notice of termination of the contract did not violate Florida's Beer Franchise Law. In response, Defendant moved for injunctive relief to bar Plaintiff from terminating their distribution contract.

The magistrate judge analyzed the four elements that Defendant needed to establish in order to obtain injunctive relief. With regards to the element of irreparable harm, the magistrate judge was persuaded by Defendant's argument that irreparable harm is presumed under the Beer Franchise Statute. Despite the fact that the magistrate judge ultimately found that Defendant did not satisfy all four elements required for injunctive relief, Plaintiff filed an objection to the portion of the Report in which the magistrate judge found that Defendant could establish the irreparable harm element because irreparable harm is presumed under the statute. Because the Court agrees that Defendant did not establish all four required elements for injunctive relief, this Court need not decide at this time whether irreparable harm is presumed under the statute. As such, the Court adopts the Report, except as to the magistrate judge's discussion of irreparable harm, as this Court is not making a ruling on that issue at this time.

Defendant also filed objections to the Report. Upon review, those objections are overruled without further discussion, since the Report's analysis of the remaining three elements required for injunctive relief is quite thorough and well-reasoned, and this Court adopts the Report in full on those issues.[1]

Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 34) is adopted to the extent set forth above and incorporated by reference in this Order of the Court; and

---

[1] Defendant may want to re-read the Report, as Defendant erroneously argues that the magistrate judge found that Plaintiff met the fast-track notice requirements of the statute. However, the magistrate judge merely stated that it was unclear whether Plaintiff's argument that its notice complied with the fast-track provision of the statute would ultimately prevail. (Doc. No. 34, p. 25). He further stated that "it cannot be said at this preliminary stage of the litigation that the defendant is substantially likely to show that the plaintiff was not entitled to avail itself of the fast track option." (Doc. No. 34, p. 25).

  (2)  Defendant's Amended Motion for Preliminary Injunction (Doc. No. 18) is

**DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of August, 2008.

                /s/ Susan C. Bucklew
                SUSAN C. BUCKLEW
                United States District Judge

Copies to:
The Honorable Thomas G. Wilson
Counsel of Record